IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FRANCISCO SAUL MIRANDA     :
        Petitioner          :     CIVIL NO. 3:CV-12-1637
        v.                 :     (Judge Conaboy)
WARDEN J. E. THOMAS,    :
        Respondent       :

**FILED SCRANTON SEP 27 2012 PER \_\_\_\_ DEPUTY CLERK**

**MEMORANDUM**

**Background**

This <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was initiated on behalf of Francisco Saul Miranda, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg).[1] Petitioner has filed and signed a request for leave to proceed <u>in forma pauperis</u>. See Doc. 2. Named as Respondent is USP-Lewisburg Warden J. E. Thomas. For the reasons outlined below, Petitioner will be granted leave to proceed <u>in forma pauperis</u> for the sole purpose of the filing of this matter, however, his petition will be denied without prejudice to any right Miranda may have to reassert his present claims in a properly filed civil rights complaint.

---

[1] The Petition was prepared and signed by Jose Cristobal Cardona, who describes himself as being Petitioner's "next of friend". Doc. 3, p. 1. It is not signed by Miranda.

1

Petitioner does not challenge the legality of his criminal conviction, the resulting sentence or the execution of his sentence. Rather, Miranda seeks federal habeas corpus relief with respect to the alleged racially biased decision of the Bureau of Prisons (BOP) "to segregate Petitioner in more restrictive confinement in Special Management Unit (SMU Program)." Doc. 1, p. 2. Miranda's current SMU placement is described as being non-voluntary and unlawful under the Administrative Procedures Act (APA).[2] Miranda seeks his immediate removal from said confinement on the basis that it was not ordered by his sentencing judge.[3]

## Discussion

### I.

Rule 2(c)(5) of Rules Governing Section 2254 Cases requires that a § 2254 action must "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."[4] The pending habeas petition was not signed by Miranda. However, the accompanying in forma pauperis application is signed by the Petitioner. See Doc. 2. It

---

[2] The APA "makes reviewable any final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704; Foehl v. United States, 238 F.3d 474, 477 n.3 (3d Cir. 2001).

[3] The Petition indicates that Miranda's SMU placement resulted from two (2) disciplinary charges. See Doc. 1, p. 4 & Exhibit 1. However, there is no contention that Miranda has been sanctioned to a loss of good conduct time.

[4] § 2242 permits the filing of a habeas corpus petition by someone acting on behalf of the petitioner.

2

appears at this initial stage of the proceedings that since the in forma pauperis application was signed by Petitioner, under the provisions of § 2242 the signing of the habeas corpus petition by Inmate Cardona on Miranda's behalf is acceptable.

While Inmate Cardona may arguably sign the § 2254 petition on behalf of Miranda, the remaining question is whether he, as a pro se litigant, can adequately represent Miranda's interests. It is well settled that a party may represent his or her own interests in federal court. See Winkelman v. Parma City School District, 127 S.Ct. 1994, 1999 (2007). However, there is an equally well established common law rule that non-attorneys cannot litigate the rights of others. Collinsgru v. Palmyra Board Of Education, 161 F.3d 225, 232 (3d Cir. 1998). There is no indication that Cardona is an attorney. Accordingly, it is apparent that a non-attorney such as Inmate Cardona may not litigate this matter on behalf of Petitioner.

II.

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See Patton v. Fenton, 491 F. Supp. 156, 158-159 (M.D. Pa. 1979). The Rules Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules.); Mutope v. Pennsylvania Board of Probation and Parole,

Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007)(Kosik, J.).

Rule 4 states in relevant part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970).

### III.

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." Recognizing the observation in Woodall that the precise meaning of execution of sentence is hazy, it has been similarly held that to "the extent

that a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action." <u>Hairston v. Grondolsky</u>, 2008 WL 618805, *2 (D.N.J. March 3, 2008).

From a careful review of the petition, it is clear that Miranda does not claim entitlement to speedier or immediate release from custody nor does he challenge the legality of his present incarceration. He is simply not raising a claim related to the execution of his sentence as contemplated in <u>Woodall</u>. Rather, based on the grounds asserted in his petition, Petitioner challenges only his alleged improper placement in the SMU program.

The Petition does not allege that the purportedly improper actions taken by prison officials included a loss of good time credits or otherwise extended the length of Miranda's confinement. Thus, the purported constitutional misconduct did not adversely affect the fact or duration of Miranda's incarceration. <u>See</u> <u>Fiore v. Lindsay</u>, 336 Fed. Appx. 168, 170 (3d Cir. 2009)(forms of prison discipline other then a loss of good time credit may not be pursued under § 2241); <u>Wapnick v. True</u>, Civil No. 4:CV-97-1829, slip op. (M.D. Pa. Dec. 17, 1997)(McClure, J.)(alleged improper placement in administrative confinement is not a basis for relief under § 2241). Accordingly, "habeas corpus is not an appropriate or available federal remedy." <u>See</u> <u>Linnen v. Armainis</u>, 991 F.2d 1102, 1109 (3d Cir. 1993).

Consequently, the petition will be denied as meritless without prejudice to any right Miranda may have to reassert his

present claims in a properly filed civil rights complaint.[5] See David v. United States, Civ. A. No. 3:CV-99-0836, slip op. at 5 (June 17, 1999 M.D. Pa.) (Munley, J.); Wool v. York County Prison, Civ. A. No. 4:CV-98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998) (McClure, J.); and Hewlett v. Holland, Civ. A. No. 3:CV-96-1075, slip op. at 9 (July 2, 1997 M.D. Pa.) (Nealon, J.) ("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA [Prison Litigation Reform Act], his claims will be dismissed, without prejudice, as they are not habeas corpus claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the Civil Rights Acts."). An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: SEPTEMBER 26, 2012

---

[5] In this regard, this Court expresses no opinion as to the merits, if any, of any civil rights claim Miranda may file based upon the facts asserted herein.

6